UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE W. CLARKE and YONGWEI GUO,  :
As Administrators of the Estate of QIAN WU,  :    **DECISION & ORDER**
Deceased and YONGWEI GUO, individually as  :    13-CV-3080 (WFK) (MDG)
Surviving Spouse,  :
        Plaintiffs,  :
  :
    v.  :
  :
UNITED STATES OF AMERICA,  :
  :
        Defendant.  :
------------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 28, 2013, Plaintiffs George W. Clarke and Yongwei Guo, as Administrators of the
Estate of Qian Wu ("Wu"), deceased, and Yongwei Guo, individually, as the surviving spouse of
Qian Wu (collectively, "Plaintiffs"), filed a Complaint against the United States of America
("Defendant") alleging violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)
*et seq.*, stemming from the release of Huang Chen ("Chen") from United States Immigration and
Customs Enforcement ("ICE") custody in 2009 and Chen's subsequent killing of Wu. ECF No.
1 ("Complaint"). On June 4, 2015, the Court granted Defendant's motion to dismiss the
Complaint in its entirety. ECF No. 26. Plaintiffs filed a motion for reconsideration and leave to
amend on January 29, 2016. ECF No. 41. For the reasons discussed below, Plaintiffs' motion is
DENIED.

## BACKGROUND

The court assumes the parties' familiarity with the underlying facts of this action. *See*

*Clarke, et al. v. United States*, 107 F. Supp. 3d 238, 242-43 (E.D.N.Y. 2015) (Kuntz, J.).

Plaintiffs filed the instant Complaint on May 28, 2013, alleging causes of action against

Defendant under the FTCA for wrongful death, pain and suffering, and loss of consortium.

Complaint ¶¶ 35-68. On June 4, 2015, the Court granted Defendant's motion to dismiss the

Complaint, ECF No. 26, and the Clerk of Court entered judgment, ECF No. 27. On January 29,

2016, Plaintiffs moved for reconsideration and leave to file a Proposed Amended Complaint

incorporating "recently furnished evidence." ECF No. 42 ("Pl's Mot.") at 1. For the reasons stated below, the Court hereby DENIES Plaintiffs' motion.

## DISCUSSION

### I.     Motion for Reconsideration

#### a. Legal Standard

"The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court." *Murphy v. First Reliance Standard Life Ins. Co.*, 08-CV-3603, 2010 WL 2243356, at *3 (E.D.N.Y. June 1, 2010) (Hurley, J.) (citing *Devlin v. Transp. Comm'ns Union*, 175 F.3d 121, 132 (2d Cir. 1999)). Reconsideration "is generally not favored," and a court may properly grant it "only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). A court will not grant a motion for reconsideration "unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* Local Civil Rule 6.3 ("There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."). Moreover, a party may not use a motion for reconsideration to "relitigate an issue already decided" by advancing novel arguments that could have been raised previously. *Shrader*, 70 F.3d at 257; *see also Kalamas v. Consumer Solutions REO, LLC*, 09-CV-5045, 2011 WL 6026303, at *1 (E.D.N.Y. Nov. 30, 2011) (Feuerstein, J.) (holding that reconsideration should not be granted where the moving party "seeks to introduce additional facts not in the record on the original motion" or "advances new arguments or issues that could have been raised on the original motion").

Under Federal Rule of Civil Procedure 60(b)(2), a court may grant relief from a final judgment on the grounds of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To succeed on such a motion, the movant bears the burden of showing that the new evidence "probably would have changed the outcome" of the prior proceeding, and that the movant was "justifiably ignorant" of the new evidence "despite due diligence" prior to judgment. *United States v. Int'l Broth. Of Teamsters*, 237 F.3d 370, 392 (2d Cir. 2001).

### b. Discussion

In support of their motion for reconsideration, Plaintiffs argue that certain newly discovered[1] documents establish that Defendant breached its "state common law duty of care to Ms. Wu[.]" Pl's Mot. at 4. The Court finds, however, that these documents fail to satisfy Plaintiff's burden under Rule 60(b)(2), because the documents would not have changed the outcome of the prior proceeding. The Court originally dismissed this action for lack of subject matter jurisdiction and failure to state a cognizable action under the FTCA. *See* ECF No. 26. at 5-7. Plaintiffs' newly proffered documents do not relate to the contents of the Complaint, but rather relate to the alleged events underlying this action. *See generally* ECF No. 42. Such evidence cannot—and does not—change the fact that the allegations in the Complaint fail to establish a cause of action over which this Court possesses subject matter jurisdiction. Accordingly, because Plaintiffs fail to address the reason that the Court dismissed the action, the

---

[1] It should be noted that Plaintiffs obtained the documents in question on April 28, 2015, more than five weeks before the Court's order dismissing this action on June 5, 2015. *See* ECF No. 44 at 16. Because Plaintiffs possessed these documents before the Court had rendered its decision, they cannot claim justifiable ignorance under Rule 60(b). *See Miller v. Norton,* 04-CV-3223, 2008 WL 1902233, at *4 (E.D.N.Y. Apr. 28, 2008) (Amon, J.) ("[I]t is beyond cavil that evidence that was actually in the possession of the movant prior to the challenged order or judgment cannot form the basis for a 60(b) motion"), *aff'd sub nom. Miller v. Kempthorne,* 357 Fed. Appx 384 (2d Cir. 2009).

Court DENIES Plaintiffs' motion for reconsideration. *See, e.g., Joseph v. Beth Israel Medical Center*, 13-CV-2961, 2015 WL 851987, at *4 (E.D.N.Y. Feb. 26, 2015) (Garaufis, J.) (denying Rule 60(b) motion where evidence proffered failed to address the reason that the Court dismissed the action); *Esposito v. State of New York*, 07-CV-11612, 2012 WL 5499882, at *3 (S.D.N.Y. Nov. 12, 2012) (Scheindlin, J.) (denying Rule 60(b) motion where evidence proffered related to factual issues, but the initial dismissal was based on issues of subject matter jurisdiction).[2]

## II.   Motion to Amend

Because Plaintiffs did not succeed in vacating the Court's prior judgment, they are not entitled to replead. *See Smith v. Hogan*, 794 F.3d 249, 256 (2d Cir. 2015) (denying post-judgment motion to amend where plaintiff failed to vacate judgment in a motion for reconsideration); *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244-45 (2d Cir. 1991) (explaining that Rule 15(a)'s amendment policy should not "be employed in a way that is contrary to the philosophy of favoring finality of judgments and expeditious termination of litigation"). The Court therefore DENIES Plaintiffs' motion to file the Proposed Amended Complaint.

---

[2] The Court need not address Plaintiffs' arguments concerning the discretionary function exemption, *see* Pl's Mot. at 16-18, because the lack of subject matter jurisdiction is an adequate and independent basis for dismissing the Complaint.

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES Plaintiffs' motion for reconsideration, ECF No. 41.

**SO ORDERED.**

s/William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2016
Brooklyn, NY